**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Andrew Freeman, ) | No. CIV-11-130-TUC-RCC (GEE) |
| Petitioner, ) | **REPORT AND** |
| vs. ) | **RECOMMENDATION** |
| Craig Apker, ) | |
| Respondent. ) | |

On February 28, 2011, the petitioner, an inmate confined in the Federal Correctional Institution in Tucson, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1) The petitioner claims the Bureau of Prisons (BOP) is improperly collecting restitution payments pursuant to a schedule set under the Inmate Financial Responsibility Program (IFRP).

Also pending is the petitioner's motion pursuant to Fed.R.Civ.P. 12(f) to strike elements of the respondent's answer as "redundant, immaterial, impertinent or scandalous." (Doc. 19)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for Report and Recommendation.

The petition should be granted. The BOP does not have the authority to establish a payment schedule where the district court failed to do so itself. The motion to strike should be denied.

Background

Freeman was convicted in the U.S. District Court for the Northern District of Florida of engaging in a child exploitation enterprise, conspiracy, advertising the exchange of child pornography, transporting and shipping child pornography, receipt and attempted receipt of child pornography, and obstruction of justice. (Doc. 11, p. 2.) On April 28, 2009, the trial court sentenced Freeman to a life term of imprisonment for engaging in a child exploitation enterprise, concurrent fixed terms of imprisonment for the remaining counts, a life term of supervised release, and a $600 Crime Victim Fund Assessment. *Id.* The issue of restitution was not immediately decided. (Doc. 1-2, p. 2) In August of 2009, the trial court amended the judgment imposing restitution in the amount of $3,263,758, "due and payable immediately," pursuant to the Mandatory Victim Restitution Act (MVRA). (Doc. 11, p. 4); (Doc. 11-3, p. 28); (Doc. 1-2, p. 2)

After beginning his incarceration, Freeman entered into an Inmate Financial Responsibility Program (IFRP) contract agreeing to pay the $600 Assessment in installments. (Doc. 11-3, p. 13) Shortly afterwards, Freeman's retirement account of $52,292.01 was seized. (Doc. 11, p. 6) The $600 Assessment was paid, and the remainder was applied to restitution. *Id.* At this point, Freeman had an outstanding restitution balance of $3,210,766.00. (Doc. 11, p. 6) The BOP formulated a new IFRP plan directed toward this outstanding balance. (Doc. 1-1, p. 5) Freeman signed the new plan and began making restitution payments. *Id.*

On February 28, 2011, Freeman filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. (Doc. 1) He argues the BOP does not have the authority to establish a restitution payment schedule because the District Court failed to do so itself. *Id.* The respondent filed an answer on May 16, 2011. (Doc. 11) He argues the petition should be dismissed for failure to exhaust and, in the alternative, on the merits. *Id.*

On July 27, 2011, Freeman filed a motion to strike pursuant to Fed.R.Civ.P. 12(f). (Doc. 19) He argues this court should strike elements of the respondent's answer as "redundant, immaterial, impertinent or scandalous." *Id.*

1  Freeman filed a reply to the respondent's answer on June 13, 2011. (Doc. 20) The court
2  finds the petition should be granted on the merits.

Discussion: Motion to Strike

Pursuant to Fed.R.Civ.P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." " The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973, 618 F.3d 970 (9th Cir. 2010). "Motions to strike are generally regarded with disfavor and should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Rosendahl v. Bridgepoint Educ., Inc.*, 2011 WL 4914948, 9 (S.D.Cal. 2011); *see also Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir.1953).

In this case, Freeman argues portions of the respondent's answer are "redundant, immaterial, impertinent, or scandalous." (Doc. 19) He objects to the respondent's recitation of his crimes of conviction. *Id*. He also objects to the fact that the respondent attached to his answer documents that Freeman already attached to his own petition. *Id*.

The court finds the respondent's answer acceptable as written. Information concerning Freeman's crimes of conviction confirm this court's jurisdiction and explain the large restitution imposed by the trial court. The fact that some documents are provided by both parties is to some extent redundant, but the practice serves to assure the court that the documents are genuine. It also simplifies the court's review when all the documents that pertain to each pleading are filed with that particular pleading. This court should deny the motion to strike. (Doc. 19)

Discussion

Freeman claims the BOP is improperly collecting restitution payments pursuant to a schedule set under the Inmate Financial Responsibility Program (IFRP). The respondent argues first that the petition should be dismissed for failure to exhaust.

As a prudential matter, habeas petitioners are required to exhaust their administrative remedies before filing their petition. *Huang v. Ashcroft*, 390 F.3d 1118, 1123 (9th Cir. 2004). This requirement is not jurisdictional, but it serves three important functions: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id.*

An inmate seeking review of any aspect of imprisonment may use the three-step formal appeals process established by the Bureau of Prisons:

> [A] prisoner first complains to the Warden (on a BP-9 form) and may appeal to the Bureau's Regional Director (on a BP-10). If the prisoner is not satisfied with the Regional Director's decision, the prisoner may appeal to the General Counsel's Office (on a BP-11).

*Nigro v. Sullivan*, 40 F.3d 990, 992 (9th Cir. 1994).

In this case, Freeman filed a formal appeal at each administrative level, but his appeal to the General Counsel's Office was untimely by 16 days. (Doc. 11, p. 4) Accordingly, the respondent argues Freeman's issue is not properly exhausted and the petition should be dismissed. *Id.* Freeman concedes that his appeal to the General Counsel's office was late but explains that his tardiness was caused by the BOP itself. (Doc. 1-1, pp. 5-6)

Shortly after submitting his appeal to the Regional Director, Freeman's counselor approached him about signing a new payment plan. (Doc. 1-1, pp. 5-6) Freeman eventually agreed to sign but explained he wished to continue his appeals. (Doc. 1-1, pp. 5-6) Freeman subsequently made four written requests for a form to appeal to the General Counsel's office, but he did not receive one until four days after the deadline for filing. *Id.* Freeman filed the form on July 19, 2010, three days after receiving it. *Id.* Freeman subsequently received written notice that his filing was late, but he was instructed he could resubmit his appeal within 15 days of the date of the notice. *Id.* Unfortunately, this notice was not delivered to Freeman until 26 days after the notice was issued, so it was impossible for Freeman to resubmit a timely appeal. *Id.*

It appears that Freeman's failure to file a timely appeal to the General Counsel's office was due to BOP delay. Accordingly, his failure to properly exhaust should be excused, and the court should consider the petition on the merits. *See, e.g., Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) ("If prison employees refuse to provide inmates with those forms when requested, it is difficult to understand how the inmate has any available remedies.").

The Mandatory Victim Restitution Act (MVRA) requires the trial court to impose restitution when the defendant is convicted of certain specified offenses or when "an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A. The court must "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid. . . ." 18 U.S.C. § 3664(f)(2). The trial court may not delegate its statutory duty to set a restitution schedule. *U.S. v. Gunning*, 401 F.3d 1145, 1149 (9th Cir. 2005).

Under its Inmate Financial Responsibility Program (IFRP), the BOP "encourages each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. To this end, the BOP monitors each prisoner's resources and financial obligations and "assist[s] the inmate in developing a financial plan for meeting those obligations. . . .]" 28 C.F.R. § 545.10. If an inmate refuses to participate in the IFRP, the BOP will impose sanctions including restrictions on commissary use and eligibility for community-based programs. 28 C.F.R. § 545.11(d).

In this case, the trial court set restitution at $3,263,758.00 but failed to set a schedule for repayment pursuant to 18 U.S.C. § 3664(f)(2). (Doc. 1-2, p. 2) The BOP, applying the IFRP, created its own repayment schedule. This was error. If the trial court fails to set a schedule for repayment, the BOP is not authorized under the IFRP to set its own repayment schedule. *U.S. v. Gunning*, 401 F.3d 1145, 1149-50 (9th Cir. 2005).

Unless and until the district court's restitution order is changed to include a payment plan, the BOP should be instructed to stop collecting payments under Freeman's IFRP plan and

place the petitioner on "IFRP Exempt" status.  *See LeBlanc v. Norwood*, 2010 WL 2891539, 5 (C.D.Cal. 2010).

Freeman argues the payments he made under the improper IFRP plan should be returned to him.  Unfortunately, habeas corpus is available only to remedy the fact or conditions of confinement.   The court may not entertain a claim for damages in these proceedings.  *See Preiser v. Rodriguez*, 411 U.S. 475, 494, 93 S.Ct. 1827, 1838 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."), *limited on other grounds by Heck v. Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order granting the petition. (Doc. 1) Unless and until the district court's restitution order is changed to include a payment plan, the BOP should be instructed to stop collecting payments under Freeman's IFRP plan and place the petitioner on "IFRP Exempt" status.

Freeman's motion to strike should be denied. (Doc. 19)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation.  If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this Report and Recommendation to the petitioner and the respondent.

DATED this 21st day of October, 2011.

_____
Glenda E. Edmonds
United States Magistrate Judge