1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    James Andrew Freeman,              )    No. 11-CV-130-TUC-RCC
                                        )
10                 Petitioner,          )    **ORDER**
                                        )
11   vs.                                )
                                        )
12                                      )
     Craig Apker,                       )
13                                      )
                   Respondent.          )
14                                      )
     _____ )
15

16        Before the Court is the October 21, 2011, Report and Recommendation (R&R) from

17   Magistrate Judge Glenda Edmonds (Doc. 23) recommending that this court grant Petitioner's

18   Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  Respondent

19   timely filed objections to the R&R (Doc. 28), and the objections have been fully briefed.  For

20   the following reasons, this court will adopt the R&R.

21   **I.    BACKGROUND**

22        The factual and procedural background in this case is thoroughly detailed in the

23   Magistrate Judge Edmonds's R & R (Doc.  23). This Court fully incorporates by reference

24   the Background section of the R & R into this Order.

25   **II.   LEGAL STANDARD**

26        The duties of the district court in connection with a R&R are set forth in Rule 72 of

27   the Federal Rules of Civil Procedure and 28 U .S.C. § 636(b)(1). The district court may

28   "accept, reject, or modify the recommended disposition; receive further evidence; or return

the matter to the magistrate judge with instructions. FED.R.CIV.P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court will not disturb a Magistrate Judge's Order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision ... is entitled to great deference by the district court." *United States v. Abonce-Barrera,* 257 F.3d 959, 969 (9th Cir.2001). Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985).

## III. DISCUSSION

Magistrate Judge Edmonds issued an R&R recommending that this Court enter an order granting the petition. Citing *United State v. Gunning*, 339 F.3d 948 (9th Cir. 2003) (*Gunning I*), Judge Edmonds found that because "the trial court fail[ed] to set a schedule for repayment, the BOP [was] not authorized under the IFRP to set its own schedule." (Doc. 23 at p. 5). Judge Edmonds recommended that "until the district court's restitution order is changed to include a payment plan, the BOP should be instructed to stop collecting payments under Freeman's IFRP plan and place petitioner on 'IFRP Exempt' status." (Doc. 23 at p. 6).

In his objections to the R&R, Respondent concedes that under the MVRA, a sentencing court may not delegate the setting of a restitution schedule to the BOP. However, Respondent claims that there was no delegation of authority in this case, as "the trial court neither directed the BOP t set a payment schedule nor required Petitioner to participate in the IFRP program. The sentencing court ordered Petitioner's restitution "due and payable immediately," which according to Respondent is not a delegation of authority. Petitioner contends that the sentencing court delegated its responsibility by not setting specific dates for payment of restitution, but instead, making the restitution due immediately.

The Mandatory Victims Restitution Act (MVRA) charges the trial court with fixing the terms for making restitution. 18 U.S.C. § 3664(f)(2) ("The court shall . . . specify in the restitution order the manner in which, and the schedule according to which, restitution is to

be paid . . . ."). "Under the MVRA, the district court is ultimately responsible for setting a schedule for making restitution." *Gunning I*, 339 F.3d at 949. The Ninth Circuit has held that this duty is non-delegable. *Id*. The Inmate Financial Responsibility Program (IFRP) is a voluntary program whereby inmates' in-prison income is applied to their financial obligations.

In *Gunning I*, the trial court ordered the petitioner to "immediately" make restitution and also ordered that "any unpaid amount is to be paid during the period of supervision as directed by a U.S. probation officer." *Id*. at 950. The Ninth Circuit found this to be an unauthorized delegation of authority to the probation department and remanded the case to the trial court "to provide for the terms of restitution." *Id*.

On remand, the trial court set a restitution schedule for the supervised release portion of the petitioner's sentence, but failed to set a payment schedule for the period of incarceration. *United States v. Gunning*, 401 F.3d 1145, 1150 (9th Cir. 2005)(*Gunning II*). The Ninth Circuit again remanded the case for the trial court to set a payment schedule. *Id*. On the other hand, in *United States v. Lemoine*, 546 F.3d 1042 (9th Cir. 2008), the Ninth Circuit found no improper delegation where the sentence provided for the defendant to "pay restitution during his imprisonment at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program." 546 F.3d at 1044.

Courts within this district have interpreted *Gunning I* and *Gunning II* to hold that a restitution order that makes restitution due immediately, without providing a specific time frame for payment, does not constitute a delegation and is a proper payment schedule for MVRA purposes. *Ybarra v. Smith*, No. CV-09-1447-PHX-DGC, 2010 WL 5362647 at *5 (D.Ariz. Sept. 17, 2010) ("Had Petitioner's judgment simply specified that the sums were due 'immediately,' then the schedule would have been set by the court and no improper delegation would have occurred."); *Ward v. Chavez*, CV-09-00246-PHX-GMS, 2009 WL 2753024 at *5 (D.Ariz. Aug. 27, 2009)(finding that no delegation occurred where "sentencing court neither directed the BOP to set a payment schedule nor required Petitioner to participate in the IFRP"). This Court disagrees with such an interpretation. The *Gunning*

*II* court explicitly stated that "[T]he district court must determine the restitution payment schedule." *Gunning II*, 401 F.3d at 1150. In this case, the BOP determined the restitution schedule. Accordingly,

**IT IS ORDERED** that Magistrate Judge Edmonds's Report and Recommendation (Doc. 23) is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions of law by this Court.

**IT IS FURTHER ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**. Unless and until the sentencing court's restitution order is changed to include a payment plan, the BOP shall stop collecting payments under Petitioner's IFRP plan and place Petitioner on "IFRP Exempt" status.

**IT IS FURTHER ORDERED** Petitioner's motion to strike (Doc. 19) is **denied**.

DATED this 21st day of December, 2011.

Raner C. Collins
United States District Judge